GILSON & WRIGHT, appellees v. WILLIAM GAY, appellant.

An appeal may be had from a judgment, rendered by a justice of the peace on a writ of *scire facias* against bail on mesne process.

THIS was a suit commenced before a justice of the peace, and appealed by the defendant to the county court.  The plaintiffs declared against the defendant, as bail on mesne process, in their favor against one Asahel Hubbard.  The declaration began "in an action or plea of debt," setting forth the issuing of plaintiffs' writ against Hubbard, the service by arresting Hubbard's body, that the defendant became bail, and the subsequent proceedings, in the usual form, to the return of *non est inventus* on the execution, and concluded, "to the damage of the plaintiffs $75, for the recovery of which" &c.

The county court, on motion of the plaintiffs, dismissed the appeal, on the ground that the case was not appealable ; and the defendant excepted.

*Aikens & Edgerton*, for defendant.

1. The action is *debt*, demanding $75,00.

The defendant was, therefore, entitled to his appeal, under the first proviso to the fourth section of the justice's act ; and no other proviso or subsequent statute has taken the right away.  Statute, 125.

2. The writ is in form an *original*, and *not a judicial* one ; and whether it contained a sufficient or insufficient declaration to sustain the action, is wholly immaterial to the present question.

WINDSOR,
February,
1838.

Gilson &
Wright, appellees
v.
Gay, appellant.

3. If the court are able to discover in this declaration, all the facts necessary to sustain a process of *scire facias* against *bail on mesne process*, the objection is not obviated.

4. The obligation of bail by endorsement is created by statute, and the remedy upon it being pointed out by the statute, and being declared to be by *scire facias*, it can be enforced by no other process.

5. But if the court should sustain this process, as a *scire facias*, then we say the defendant was, nevertheless, entitled to an appeal.

" In all *causes* cognizable before a justice of the peace, any person, who shall think him or herself aggrieved, by the sentence or judgment given or rendered, by such justice, shall have liberty to *appeal* therefrom," &c. 1 Stat. 125, proviso of section 4.

To determine, therefore, whether or not, the present case were appealable, it is only necessary to ascertain the meaning and import, of the word " *causes*" made use of, in this statute.

Although in strictness of language, the *action*, and the *cause* of the action, cannot, perhaps be said to be one and the same thing, yet the term " *cause*" in this place, and in most other parts of the statute book, where it occurs, and by the legal profession generally, is made synonymous with the word " *action*." 1 Stat. 136, § 3, and No. 4. § 1, 149, § 1. 150, § 2, and 151, proviso of § 5, where both terms are used in the same section, and made convertible to express the same idea, and technically used to represent what an action is defined to be, viz. " a lawful demand of a man's right." Co. Lit. 285, a. 2 Inst. 40, or, in other words, " an application to a court of law to redress a wrong." 1 Swift's Dig. 474. It is the " demand," or " application," or *action*, which the right of appeal, given by statute, entitles the party to remove from the inferior to the superior court. If, therefore, the present proceeding be an *action*, whether it be a *scire facias* or debt, or distinguished by any other name, it is most clearly appealable. It is not a continuation and *part* merely of some other action, as it doubtless would be, if brought to revive a judgment, or obtain execution, against the same parties. In such case, and in some others that might be named, an appeal *might not*

WINDSOR,
February,
1838.

Gilson &
Wright, ap-
pellees
v.
Gay, appel-
lant.

vacate the judgment, or remove the main action, and the higher court could, perhaps, itself grant execution on the judgment below, or compel the inferior court to do so. The appeal might be entirely nugatory, and therefore not sustainable. But the present is not that case. It is an original, distinct, and entire action by itself, based upon a separate and distinct liability, assumed by the bail. A new party is made defendant, who was not party or privy to the original judgment against the debtor. An issue may be formed, a trial had, a judgment rendered, for or against the bail; and upon *this* judgment, and not on the judgment originally rendered against the principal, execution issues. 1 Stat. 66, § 29, and 110, No. 31, § 4. *State Treas.* v. *Foster,* 7 Vt. R. 53. 4 Bac. Abr. 409, Tit. *Scire Facias.*

If the Legislature, after enacting, that all actions shall be open to appeal, intended to suspend the right in this particular instance, they would have done so by an express exception, as they have done in a case of *scire facias* against a sheriff's bail. 1 Stat. 102, § 2.

The court will find a sufficient authority for sustaining this appeal in *Mack* v. *Nichols,* 5 Vt. R. 200, and in *Fuller* v. *Howard,* 6 Vt. R. 561. *Adams* v. *Campbell,* 4 Vt. R. 448.

*Williams & Tracy,* for plaintiffs.

It is very clear that no appeal lay from the judgment of the justice in this case, unless the act of 1797, giving jurisdiction to justices, applies to cases of judicial writs as well as to original actions, and we think it equally clear, that such a construction cannot be sustained.

1. Because it is inconsistent with many of the provisions of the act.

By the provisions of the 12th section (p. 127) the parties " in any action pending before a justice of the peace," may make mutual offsets, and the justice is to render judgment for the balance. It will not be pretended that this can apply to cases of *scire facias* against bail, as, by the 29th section of the judiciary act, judgment is to be rendered in such case, "for the original debt or damage and cost, with the additional costs of suit," unless just cause is shown to the contrary, or the principal surrendered. Stat. p. 66.

By the 18th section of the justice act (p. 129) the defend-

WINDSOR,
February,
1838.

Gilson &
Wright, ap-
pellees,
v.
Gay, appel-
lant.

'ant has a right of review at any time within three years after a judgment has been rendered against him, in all cases where he was absent from the state at the time the action was commenced, and no notice is shown to him before judgment, and upon such review, "shall take the benefit of all pleas and advantages, which he might have had upon the original suit." Stat. p. 129.

We think it will not be pretended that a judgment, upon *scire facias* against bail, may be revised at any time within three years after the rendition of it, and the principal surrendered in discharge of it. Such a construction would be consistent with the provisions of the 29th section of the judiciary act, which requires that the the principal shall be surrendered, and the costs paid before entering judgment on the *scire facias*, in order to discharge the bail. Stat. p. 66.

By the proviso to the 4th section of the justice act, the right of appeal is mutual in all cases, where it is given. (p. 125) But still, it is very clear, that if the defendant in this case had surrendered his principal before the justice, the plaintiff could not have appealed.

2. Because it is inconsistent with well established principles in *scire facias*.

By the 4th section of the act, the question of jurisdiction is made to depend upon the amount of the debt or other matter in demand.

In *scire facias* it depends upon where the record is, as it is well settled that *scire facias* must be brought in the same court where the judgment remains of record and can be brought in no other, and this without any reference to the amount of the judgment. Swift's Dig. 583. 6 Term. R. 365. *Carlton* v. *Young*, 1 Aik. R. 332. *Howe* v. *Bradley et al.* 1 D. Chip. R. 272.

The opinion of the Court was delivered by

WILLIAMS, Ch. J.—We are to determine, in this case, whether the defendant was entitled to an appeal from the judgment rendered by a justice of the peace, where the recovery was over ten dollars. It is contended by the plaintiff, that the judgment having been rendered on a writ of *scire facias*, no appeal could be taken. The county court decided accordingly, and dismissed the appeal. On examining the

Gilson &
Wright, ap-
pellees
*v.*
Gay, appel-
lant.

proceedings, it appears that the action, in form, was debt, the declaration beginning and ending as an action of debt, and with no citation to appear and show cause, as is usual in writs of *scire facias.* It is no answer to say, that debt does not lie in such a case, or that the pleader intended a writ of *scire facias.* The only conclusion to be formed from the proceedings is, that he intended to bring an action of debt.

But if it had been a writ of *scire facias,* in common form, we think the appeal might have been taken. The statute allowing an appeal is general, "that in *all* causes, cognizable before " a justice of the peace, any person who shall think himself " or herself aggrieved, by the sentence or judgment given, " &c., shall have liberty to appeal to the next county court," &c. A writ of *scire facias* is a judicial writ, usually intentended to carry into effect a judgment already rendered, and, for this reason, it must issue from the same court where the record is. Our statute has, however, made an innovation upon this principle in several cases, so far as to provide that a writ may issue from another justice, or from the county court in certain cases, notwithstanding the record is not before them. In the writ of *scire facias,* at common law, the language of the writ is founded on the record, and is a judicial recital from the court, or its appropriate officer, of what appears before them. When the record is not before the court, the form and language used may be the same, yet it is rather considered and treated as the declaration of the plaintiff. It has been considered so far a judicial writ, as that it must issue from the court where the judgment was rendered, when practicable. *Carlton* v. *Young,* 1 Aik. R. 332.

We learn that the practice has been somewhat general and extensive, to allow appeals and reviews from judgments rendered on writs of *scire facias,* against bail. In the case of *Fuller* v. *Howard,* 6 Vt. R. 561, which was much litigated, this question was not presented, although that case was *scire facias* against bail, and an appeal was allowed. The case of *Mack* v. *Nichols,* 5 Vt. R. 200, was also an appeal from a judgment rendered on a writ of *scire facias.* These cases show how this question was considered by the profession. The attention of the court was not particularly drawn to the question now presented, so as to be an authori-

ty, yet they are deserving of consideration, as evidence of the practice and general understanding upon the subject.

The spirit of our system of jurisprudence is to give an appeal or hearing before a higher tribunal, in almost all cases. And believing this to have been the practice, for a long time recognized by the court, as it evidently was in the cases referred to, and perceiving no objections, other than those strictly technical, we are disposed to say, that the general terms of the statute, before mentioned, authorize an appeal from a judgment rendered on a writ of *scire facias*, as well as on any other writ.

Gilson &
Wright, appellees
*v.*
Gay, appellant.

The judgment of the county court, dismissing the appeal, must, therefore, be reversed.